IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JIMMY MCINTOSH**, <br>       Plaintiff <br> vs. <br> **UNITED STATES OF AMERICA**, <br>       Defendant | NO. 3:20-cv-03319-E |

# JOINT RULE 26(F) CONFERENCE REPORT & REQUEST FOR SCHEDULING ORDER

The Parties, through their counsel, have conferred on Jan 22, 2020 via Zoom Teleconferencing. Under the Court's Order (Dkt. No. 12), the Parties file the following status report.

1. *A brief statement of the nature of the case, including the contentions of the parties*

Plaintiff alleges breach of the standard of care in the performance of shoulder surgery at the Dallas VA Medical Center in Dallas, Texas. Mr. McIntosh seeks the damages that flow from the substandard care.

Defendant denies that any damage to Plaintiff was directly or proximately caused by any negligent or wrongful act or omission of any employee of the United States acting within the scope of his or her employment. Defendant also contends that it is entitled to the defenses and affirmative defenses set forth in its answer.

2. *Any challenge to jurisdiction or venue, including any procedural defects in removal if this case was removed*

This is a medical malpractice cause of action brought under to the Federal Tort Claims Act. 28 U.S.C. § 2671–80 and 28 U.S.C. § 1346(b). Defendant does not dispute jurisdiction to the extent that the claims asserted were properly presented in an administrative claim and does not dispute venue based on the facts currently alleged.

3. *Pending Motions*

There are no pending motions before the Court.

4. *Any matters that require a conference with the Court*

The Parties do not request a conference with the Court at this time.

5. *Likelihood that other parties will be joined or the pleadings amended*

Parties do not intend to join additional parties or amend their pleadings at this time.

6. *Statement of counsel re: Dondi & Civil Justice Expense & Delay Plan*

Counsel for both parties have read the read the *Dondi* opinion, 121 F.R.D. 284 (N. D. Tex. 1988) (en banc) and the District's Civil Justice Expense and Delay Reduction Plan (http://www.txnd.uscourts.gov/sites/default/files/documents/cjedrp.pdf).

7. *Discovery requested*
   (a) An estimate of the time needed for discovery, with reasons,

Defendant anticipates that the parties need nine-ten months for discovery because of the nature of plaintiff's claims and damages requested, including but not limited to, past and future medical, home health, attendant, and nursing care needs, past and future disfigurement and impairment, loss of earnings and earnings capacity, and physical and mental suffering. In this medical malpractice case, Defendant needs time to obtain releases from Plaintiff and to subpoena records from multiple third parties for its defense.

    (b) a specification of the subjects on which discovery may be needed,

Parties expect to take discovery on the claims and defenses in this case, including liability, causation, and damages. Defendant seeks discovery from Plaintiff regarding his past and future mental and physical condition, earnings and earnings capacity, future medical and home health needs, past and future disfigurement and impairments, and past and future physical and mental suffering.

    (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues.

Parties do not need to conduct discovery in phases.

8. *Electronically stored information*

Parties contemplate producing documents in searchable, PDF form and producing digital images (*e.g.*, photographs, videos, radiology, etc.) in digital format with the highest possible resolution, whether .jpeg, .tiff or other format on a CD. Parties will bates stamp production with a unique bates stamp.

Parties agree to serve pleadings and other papers under Rule 5 and additionally, to provide courtesy copies of any pleadings or communication to each other that are served but not filed with the Court via email.

9. *Privilege Issues*

The Parties will comply with Federal Rule of Civil Procedure 26(b)(5) for the withholding of privileged information.

10. *Changes to Discovery Limitations*

Parties do not anticipate the need for changes to the limitations of discovery.

11. *Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c)*

Parties do not request any orders under Rule 26(c), 16(b), or 16(c).

12. *Proposed deadlines*

Parties request the Court enter an order with the following deadlines:

a) join other parties and to amend the pleadings: **Friday, Feb. 26, 2021**

b) file motions, including summary judgment and other dispositive motions: **Friday, November 5, 2021**

c) complete discovery: **Friday, October 8, 2021**

d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2) for parties seeking affirmative relief: **Friday, July 9, 2021**

e) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2) for parties opposing affirmative relief: **Friday, August 6, 2021**

f) designate rebuttal experts and make expert disclosures required by Rule 26(a)(2)—**Friday, September 3, 2021.**

g) Alternative dispute resolution deadline: **Friday, November 19, 2021**.

13. *Requested trial date, estimated length of trial, and whether a jury has been demanded*

The Parties propose a trial date of February 1, 2022. Parties estimate that this trial will last no more than 4 days. Because this a Federal Tort Claims Act lawsuit, the trial must proceed as a bench trial. *See* 28 U.S.C. § 2402.

14. *Consent to a Magistrate Judge*

Parties have not consented to a magistrate judge.

15. *Settlement Negotiations*

The parties are currently investigating the case and have not engaged in settlement negotiations. However, the parties are amenable to exploring resolution of the case as early as possible based on the evidence.

16. *Alternative Dispute Resolution*

The parties have not mediated the case but are amenable to settlement or mediation after evaluating the merits of the case.

17. *Other matters*

Given the COVID-19 Pandemic, Parties agree to cooperate in the deposing witnesses in person or via remote technologies (e.g., Zoom) as warranted by the circumstances for each deposition.

Respectfully Submitted,

/s/ Tom Jacob
**TOM JACOB**
   tjacob@nationaltriallaw.com
   Texas State Bar #24069981
**STEVEN HASPEL**, *membership application forthcoming*
   shaspel@nationaltriallaw.com
   Texas State Bar #24109981
**WHITEHURST, HARKNESS,**
   **BREES, CHENG, ALSAFFAR,**
   **HIGGINBOTHAM, & JACOB P.L.L.C.**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)


**JENNIFER SALIM RICHARDS**
   jrichards@stantonllp.com
   Texas State Bar # 24079262
**STANTON LLP**
1717 Main St Ste 3800
Dallas, TX 75201-7376
214 996 0208 (o)
972 692 6812 (f)
*Attorneys for Plaintiff*


PRERAK SHAH
ACTING UNITED STATES ATTORNEY

/s/ *Marti Cherry*
**MARY M. (MARTI) CHERRY**
   Assistant United States Attorney
   Texas Bar No. 24055299
   1100 Commerce Street
   Third Floor
   Dallas, TX 75242
   214-659-8600 (o)
   214-659-8807 (f)
   mary.cherry@usdoj.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

By my signature below, I certify that a copy of this pleading, Joint Rule 26(f) Conference Report & Request for Scheduling Order, has been sent to the following on February 3, 2021 via the Court's CM/ECF notice system.

>Mary M. Watkins-Cherry
>United States Attorney's Office
>1100 Commerce Street
>Third Floor
>Dallas, TX 75242
>214-659-8600 (o)
>214-659-8807 (f)
>mary.cherry@usdoj.gov

>/s/ Tom Jacob
>Whitehurst Harkness Brees Cheng
>    Alsaffar Higginbotham & Jacob PLLC
>
>Attorney for the Plaintiff